106 So.2d 424 (1958)
Mary SHOULTZ, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida.
November 5, 1958.
Rehearing Denied December 5, 1958.
*425 Whitaker Brothers, Pat Whitaker, Jr., and Mark R. Hawes, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
HOBSON, Justice.
The appellant was tried on a charge of murder in the second degree. She was adjudged guilty of manslaughter and sentenced to serve seven years at hard labor. On this appeal no assault is made on the sufficiency of the evidence.
Appellant does, however, challenge the use and distribution of a pamphlet entitled "Handbook for Trial Jurors Serving in All Courts of Record in Hillsborough County, Florida." A copy of said handbook was sent to each juror with his summons. With reference to this assignment of error, it is sufficient to point out that a complete and excellent analysis of a copy of the same handbook, objected to herein, is contained in our decision in the case of Ferrara v. State, Fla. 1958, 101 So.2d 797, 799-801.
In that case Mr. Justice Thomas, in his inimitable style, clearly set forth the reasons which, again, compel us to hold the distribution of this pamphlet is not improper. A restatement of these reasons would serve no useful purpose.
However, we would like to take this opportunity to reaffirm our criticism of the provision of this handbook which admonishes jurors not to question witnesses. We do not deem the inclusion of such warning to be harmful error in this case. We suggest, however, that the pamphlet herein *426 considered should be modified to eliminate this admonition in order that future criticism may be avoided, for we cling to the view that upon appropriate occasions a trier of fact might be justified in propounding a question.
Another argument in support of appellant's contention that this case should be reversed for a new trial involves the following facts: A juror who, upon voir dire, answered "No" to the question whether he knew anything about the case, was accepted by both parties and sworn. Prior to the taking of testimony this same juror remembered that an investigating agency of which he was an officer had been employed by an insurance company, which carried a policy on the life of the decedent to examine and report upon the facts surrounding this death. Following an overnight recess this juror approached the trial judge in the lobby of the court house and informed him this his company had been asked to make "some kind of check on the case", but he personally had not seen or discussed the file. In response to the judge's questioning the juror stated that he did not remember anything about the case and that this incident would not prevent him from being an impartial juror. The judge was of the opinion that the juror was not disqualified and instructed him to continue as a member of the jury. The defendant and her counsel were not present when this conversation took place, nor were they advised of the same until after the verdict.
From a careful perusal of the record of this conversation it is clear that neither the able and conscientious trial judge nor the juror entertained any improper motives. However, lofty purposes are not sufficient to eliminate the prejudice which flows from such a private conversation with a sworn juror.
Section 914.01, Florida Statutes Annotated, provides in part:
"In all prosecutions for a felony the defendant shall be present:
* * * * * *
"(3) at the calling, examination, challenging, impaneling and swearing of the jury;" (Italics supplied).
This court is of the opinion that a defendant in a felony prosecution has the right to an open, public trial and to be present at every stage of the proceeding as provided in § 914.01, Florida Statutes Annotated. It is an invasion of these rights and reversible error for a trial judge to examine and pass upon the qualifications of a sworn juror when such is done outside the courtroom and not in the presence of the defendant.
A holding to the contrary would tend to raise doubt and suspicion in other minds to the prejudice of public confidence in the fair and open administration of justice. Berness v. State, 1953, 38 Ala.App. 1, 83 So.2d 607; Peaden v. State, 1903, 46 Fla. 124, 35 So. 204, 205; People v. Oliver, 1957, 4 A.D.2d 28, 163 N.Y.S.2d 235, 240-242.
Reversed and remanded for a new trial.
TERRELL, C.J., and DREW, THORNAL and O'CONNELL, JJ., concur.