ALLEN, Judge.
The above cases were consolidated on appeals from final judgments in a lottery case. After trial, they were found guilty on two counts each, being unlawfully interested in a lottery and being possessed of *579 paraphernalia evidencing an interest in a lottery.
The main contention of the appellants is that the trial judge announced to the jury at the beginning of the third day of trial that he had been informed by one of the jurors of a bribe proposition concerning a $1,500 offer to bribe.
Counsel for the defendants, in the absence of the jury, found that the juror in question had, the previous evening, spoken to the court on the telephone and, since such conversation was outside of the presence of the defendants, the defendants moved for a mistrial on this ground and also on the ground that the public comment about the bribe offer prejudiced the defendants with the jury, which motion was denied.
The appellants state the following point 1:
“The trial court erred in overruling and denying defendants’ motion for mistrial on account of the court’s prejudicial announcement to the jury that an unidentified member of the jury had been offered a $1,500 bribe in the trial of this case, and on account of the trial judge having had a private conference with a member of the jury after the jury was sworn and after two full days of the trial, which private conference concerned said bribe offer to said juror and was had with said juror outside of the court room and the court house, out of the presence of defendants and their counsel, and without the knowledge of defendants and their counsel, and thereby deprived the defendants of their statutory rights under section 914.01, F.S.A., to be present at every material stage of their trial and at every contact between the court and the jury where any matter concerning the trial was taken up, as well as their right to a fair and impartial trial by a fair and impartial jury as guaranteed by Section 11 of the Declaration of Rights of the Florida Constitution [F.S.A.], and their rights to due process of law and equal protection of law as guaranteed and protected by the fourteenth amendment to the federal Constitution.”
The question was also raised as to certain requested charges but since we must reverse the lower court on the principles of law above stated, we shall not pass on other errors assigned.
The record divulges that the juror, who reported the alleged bribe to the judge, was excused from further serving on the jury and an alternate juror took his place. It was recognized that this juror could rightfully have been incensed by such tactics and thus it would have been unfair to permit such a juror to sit in judgment on the two defendants. If no public announcement had been made to the other members of the jury that an attempt had been made to bribe the particular juror, the disqualified juror could have been discretely excused and replaced by one of the available alternates, and the jury thus repaired could have then proceeded to determine the case, but who can say that the rest of the jury was not affected by the court’s announcement that an attempt had been made to bribe one of their number. It is probable that the jurors would jump to the conclusion, rightly or wrongly, that the only parties interested in offering $1,500 to a juror in the case would be one of the defendants which, in turn, might, and probably would, prejudice the jurors against the defendants in this case.
The District Court of Appeal of Florida, Third District, in the case of Kellum v. State, Fla.App.1958, 104 So.2d 99, reversed a conviction of a defendant because of statements made, in the presence of the jury by the trial court regarding a defaulting police officer, that there had been a wave of more than 50 of such crimes by police officers in recent years.
The record in this case divulges that the court had a private telephone conversation with the juror in the evening after ad *580 journment of the court in the absence of defendants and their counsel and without their knowledge. All three members of the court hearing this particular appeal have had experience as trial judges in criminal cases and have probably had experiences similar to the distinguished judge who tried this case, that is, having a juror attempt to discuss some feature of a case that was disturbing the mind of the conscientious juror. Such attempts are naturally made out of the presence of the defendant or defendants, as the juror is seeking the advice of the judge who is trying the case and a conscientious judge is often led to a violation of Section 914.01, F.S.A., which grants to every accused the right to be present at every stage of a trial in a felony prosecution. This section provides that in all prosecutions for felony the defendant shall be present: 1) At arraignment; 2) When a plea is made; 3) At the calling, examination, challenging, impaneling and swearing of the jury; 4) At all proceedings before the court when the jury is present; S) When the evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury; 6) At a view by the jury; 7) At the rendition of the verdict; and 8) Persons prosecuted for misdemeanors may, at their own request, by leave of court, be tried in their absence from the court.
Section 918.05, Florida Statutes, F.S.A., authorizes the jury to view the premises where a crime has been committed and the officer in charge of the jury is admonished to permit no person to speak to or otherwise communicate with the jury; providing also that the trial judge and the defendant shall be present unless the defendant absents himself without permission of the court. Section 918.06, Florida Statutes, F.S.A., requires the court to admonish the jury that it is their duty not to converse among themselves, or with any one else, on any subject connected with the trial, or to form or express any opinion thereon until the cause is finally submitted to them. Section 918.07, Florida Statutes, F.S.A., provides that jurors are committed to the charge of an officer and such officer shall be directed to keep the jurors together and not to permit any person to speak to or otherwise communicate with them on any subject except with the permission of the court, given in open court, in the presence of the defendant or his counsel.
In the recent case of Smith v. State, Fla.1957, 95 So.2d 525, the Florida Supreme Court held that in prosecution for murder it was error for the trial judge to' permit the jury to have the use of a dictionary while deliberating its verdict without first informing counsel for defendant in open court. In this case the Supreme Court quoted from the case of Texas Midland R. Co. v. Byrd, 102 Tex. 263, 115 S.W. 1163, 1164, 20 L.R.A.,N.S., 429, as follows:
“ ‘It seems to us, therefore, that it is error for the judge to confer with the jury in any other manner than that prescribed by law, and that if he does, his judgment, on that account, should be reversed.’ ” [95 So.2d 528.]
We do not deem it necessary to pass upon the error vel non of the lower court’s telephone conversation with the juror out of the presence of the defendants since we shall grant a new trial to both defendants on the prejudicial effect of the judge’s statement to all the jurors that a bribe offer had been made to one of their number. We deem it advisable to point out, as the Supreme Court of this State has heretofore done, the danger of any conversation between a judge and a juror outside of the court room and the presence of the defendant and his counsel.
Both of the above cases are reversed for new trial.
KANNER, C. J., and PATTERSON, TERRY B., Associate Judge, concur.