180 So.2d 178 (1965)
Wyatt Carroll DEANS and Ossie McGee, Appellants,
v.
The STATE of Florida, Appellee.
No. 5805.
District Court of Appeal of Florida. Second District.
November 16, 1965.
Leonard R. Mellon, Miami, and Robert Jackson, Vero Beach, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert Stokes, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Chief Judge.
The appellants, defendants below, appeal from both a final judgment and sentence imposed after a jury found the defendants guilty of aggravated assault, and a denial of their motion for a new trial.
After the judgment, the appellants filed a motion for new trial. A hearing was held on the motion to determine the propriety of a conversation between the judge and the *179 jury foreman out of the presence of the defendants during the course of the trial. The juror conversed with the judge so that the effect of her receiving a traffic ticket from a prosecution witness (a policeman) during a lunch break on the second day of trial could be determined.
The juror, on cross-examination, testified that she did not think the incident would affect her qualifications but that that was for the judge to decide. She wanted to let the judge know because she thought that was the right thing to do. The judge told her that the incident had no bearing on the trial and that she could forget it.
We need not decide the appellants' other two points on appeal because we find the conversation violated Section 914.01, Fla.Stats., F.S.A., and the accuseds' right to an open and public trial.
A long established principle that pervades the whole of criminal procedure is that after an indictment is found, nothing shall be done in the course of the trial except in the presence of the accused. 14 Am.Jur. Criminal Law § 189 (1938); 23 C.J.S. Criminal Law § 973 (1961).
Florida cases reporting that one accused of a felony has a right to be present during every step of the trial can be traced back to 1849 in Holton v. State, 1849, 2 Fla. 476. For other authority see: Adams v. State, 1891, 28 Fla. 511, 10 So. 106, 117; Summeralls v. State, 1896, 37 Fla. 162, 20 So. 242; Peaden v. State, 1903, 46 Fla. 124, 35 So. 204; Smith v. State, Fla. 1957, 95 So.2d 525, 528; Shoultz v. State, Fla. 1958, 106 So.2d 424; Ferreri v. State, Fla.App. 1959, 109 So.2d 578.
The Supreme Court, in Smith v. State, supra, pointed to the danger of a trial judge conferring with the jury in any manner other than that prescribed by law and this type of impropriety was again admonished in Ferreri v. State, supra.
The legislature has enacted a statute to safeguard the rights during trial of one accused of a felony. Section 914.01, Fla. Stats., F.S.A., provides:
"In all prosecutions for a felony the defendant shall be present: * * * (3) at the calling, examination, challenging, impaneling, and swearing of the jury. (4) At all proceedings before the court when the jury is present." (Emphasis added.)
A case very nearly on point, interpreting Section 914.01, Shoultz v. State, supra, merits discussion. The defendants secured reversal on appeal of their manslaughter conviction because the trial judge conferred privately with a juror. The juror, apparently an employee of an insurance company, was asked on voir dire whether he had any previous knowledge about the case. He answered, "No." After an overnight recess, the juror approached the judge and informed him that his company had been asked "to make some kind of check" on the case. The juror knew nothing else about the case. In the judge's opinion, the juror was not disqualified. The Supreme Court found that the conversation violated Section 914.01, Fla.Stats., F.S.A., concerning examination of juror without the presence of the defendant and the right of the defendant in a felony prosecution to an open public trial.
The State asserts that Shoultz is unlike the instant case, because the only contact made here was when the policeman (prosecution witness) handed the jury foreman a ticket for the traffic violation. The only words spoken were when the policeman asked if "it was over" and the jury foreman replied that the trial had not yet bee concluded. The State concludes that no prejudice resulted. The authorities, however, place our concern not with the content of the conversation between the witness and the juror, but with the privacy of the conversation concerning the incident between the juror and the judge. Further, the Supreme Court in Shoultz, while ordering a new trial, commented:

*180 "From a careful perusal of the record of this conversation it is clear that neither the able and conscientious trial judge nor the juror entertained any improper motives. However, lofty purposes are not sufficient to eliminate the prejudice which flows from such a private conversation with a sworn juror."
We find the right in a felony prosecution to an open, public trial and to be present at every stage of the proceeding has been abrogated. The conversation relating to the sworn juror's qualifications, privately made, is reversible error.
"A holding to the contrary would tend to raise doubt and suspicion in other minds to the prejudice of public confidence in the fair and open administration of justice." [Shoultz v. State, Fla. 1958, 106 So.2d 424.
Reversed and remanded for a new trial.
ANDREWS, J., and STEPHENSON, GUNTER, Associate Judge, concur.