ANDREWS, Judge.
The defendant, C. R. Lowdermilk, appeals a judgment and sentence entered upon a jury verdict finding him guilty of grand larceny, conspiracy to commit grand larceny, bribery, conspiracy to commit bribery and conspiracy to accept unauthorized compensation.
After the jury brought in a verdict of guilty the trial judge revealed that during the course of the trial an effort was made to bribe one of the jurors. The said juror telephoned the judge during a night recess to advise him of the attempted bribery. During this telephone conversation the judge inquired of the juror whether this fact would influence his judgment and was assured that the attempted bribery would not influence his independent judgment. The court allowed the juror to remain on the jury and requested him not to reveal the occurrence to anyone until after the trial' was over. The judge advised the state attorney of the attempt to influence the juror but did not advise the defendant nor his counsel until after trial.
The conversation between the judge and the juror out of the presence of the defendant constitutes an unlawful examination of a juror in that'F.S.A. § 914.01[1] requires such examination to be in the presence of the defendant. The cases of Shoultz v. State, Fla.1958, 106 So.2d 424, and Deans v. State, Fla.App.1965, 180 So.2d 178, compel us to remand the case for a new trial.
The court in Deans v. State, supra, held that a conversation between the trial judge and a juror out of the presence of the defendant during the course of the trial violated F.S.A. § 914.01 and the accused’s right to an open and public trial. The Supreme Court in Shoultz, supra, also held that it is a violation of Section 914.01, Florida Statutes, F.S.A., for a trial judge to examine and pass upon the qualification of a sworn juror outside the presence of the defendant.
The action by the trial judge in examining the juror outside the presence of the defendant and withholding information of the attempted bribery from the public until after the trial was clearly prompted by the highest motives. Such proceedings to protect a jury in its deliberations from improper action, commendable as it is, is not sufficient reason to deprive a defendant of his right to be present at the examination of a member of the jury panel which determines his guilt or innocence.
Since the cause must be reversed and remanded for a new trial, we need not decide the other points raised on appeal.
Reversed and remanded for new trial.
SMITH, C. J., and WALDEN, J., concur.

. F.S.A. § 914.01: “In all prosecutions for a felony the defendant shall be present * * * (3) At the calling, examination, challenging, impaneling and swearing of the jury * *