HENDRY, Judge.
The appellant was defendant below, having been charged with unlawful sale of narcotics and unlawful possession of narcotics. He entered, a plea of not guilty, and the trial began at 10:30 A. M., October IS, 1968, in the Criminal Court of Record in and for Dade County. At that time, due to communication difficulties between the offices of defense counsel and the State Attorney, the appellant himself had not been notified to be in attendance at the court. A decision was made by the trial judge to proceed, and a recess was taken until 12:30 P. M., the same day, after which the following proceedings were had:
“THE COURT: Call the first six jurors.
“(Thereupon, the jurors were called and examined on their voir dire, but not yet sworn.)
“THE COURT: I just want to explain to the jury that Mr. Cohen was good enough to go ahead and select the jury without the defendant being here.
“I want to explain to you that the defendant was not aware that the trial was going to start today.
“In any event, you will be sitting as jurors in this case and we are now going to recess for lunch and I instruct you now, that you are not to discuss this case among yourselves, nor with anyone else.
“If, during the time we are at recess, if anyone approaches you to discuss this case at all, which I am sure they will not do, I tell every jury the same thing: if anybody approaches you or if you hear anybody discussing the case of Elias Gonzalez Melendez, please make this fact known to the Court when we reconvene.
“Anything else, any other instructions, either of you have?
“MR. COHEN: No sir.
“MR. GROSS: None.
“THE COURT: All right, everybody be back promptly at 1:30 P. M.
“(Thereupon, court recessed for lunch.)
“AFTERNOON SESSION
“(Whereupon, court reconvened at 1:30 P. M.)
*253 “THE COURT: Let the record reflect the presence here now of Mr. Cohen and Mr. Melendez, the defendant.
“I want to ask a couple of questions. You are Elias Gonzalez Melendez?
“THE DEFENDANT: Yes, sir, I am.
“THE COURT: You were not here this morning and Mr. Cohen and the State went ahead and selected a jury. We have not sworn that jury in yet and I just want to know if you want to confer with Mr. Cohen after the jurors are brought into the courtroom, to see if there is anyone there that you do not want to serve on this jury.
“Have you discussed this with him earlier?
“MR. COHEN: No, not yet.
“THE COURT: I want to'find out if there is anybody that he would want, to excuse.
“MR. COHEN: All right.
“THE COURT: All right, bring the jury in.
“(Thereupon, the jury entered the courtroom.)
“MR. COHEN: We will accept the jury.
“THE COURT: Let me ask for the record, then you are relying on your counsel having picked the jury?
“THE DEFENDANT: Yes.
“THE COURT: And you are waiving any objection to the fact that it was selected while you were not here?
“Be sure that he understands. I want to be sure he is waiving any objection to the jury having been selected before he was here.
“THE DEFENDANT: Yes, sir.
“MR. COHEN: Yes, sir, he understands.
“THE COURT: And he hereby ratifies the selection of the jury?
“MR. COHEN: Yes, sir.
“THE COURT: All right, then let us proceed. The Clerk will swear the jury.
“(Thereupon, the jury was sworn to try the1 case.)”
It is the appellant’s contention that the waiver of the objection appearing in the above record was not given freely or competently. We are compelled to agree. It is of significance that the defendant had not been notified that the trial proceedings were to begin on the morning of October IS, 1968, and it was obviously for that reason that he was not in court until later in the day. The events that transpired outside of his presence therefore occurred without actual or constructive notice to him, and for this reason, we feel that the state’s reliance upon the case of Henzel v. State, Fla.App.1968, 212 So.2d 92, is misplaced.
Therefore, it is our decision that the selection of the jury by counsel outside the presence of the defendant, under the circumstances outlined above, were violative of § 914.01(3) FkuStat., F.S.A. (1967). See Holton v. State, 2 Fla. 476 (1849); Shoultz v. State, Fla.1958, 106 So.2d 424; Ferreri v. State, Fla.App.1959, 109 So.2d 578.
The judgment and sentence being appealed are therefore reversed and a new trial is ordered.