244 So.2d 137 (1971)
The STATE of Florida, Petitioner,
v.
Elias Gonzales MELENDEZ, Respondent.
No. 39478.
Supreme Court of Florida.
February 3, 1971.
*138 Robert L. Shevin, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for petitioner.
Hughlan Long, Public Defender and Alan S. Becker, Asst. Public Defender, for respondent.
ADKINS, Justice.
By petition for writ of certiorari, we are asked to review the decision of the District Court of Appeal, Third District, Melendez v. State, 231 So.2d 251 (Fla.App.3rd, 1970), which reversed the conviction of defendant, respondent herein, on grounds he did not freely and voluntarily waive his right to be present at selection of his trial jury. The State assigns conflict with several Florida appellate decisions, pursuant to Fla. Const., art. V, § 4(2) (1968), F.S.A., and F.A.R. 4.5, subd. c(6), 32 F.S.A. We have jurisdiction.
The question we answer is whether a defendant in a noncapital felony case has the power to ratify the selection of his jury, done in his absence because he was not notified as to the time his trial would be held, but he was represented by counsel at jury selection and the jury was sworn only after defendant consented to it.
In the case at Bar, the defendant was charged with unlawful sale of narcotics and unlawful possession of narcotics. When he did not appear for his trial due to failure of notification, the trial judge elected to proceed with examination, challenging, and impanelling of the jury. Defendant's privately-employed counsel was present and consented. The defendant then appeared, and after careful questioning by the trial judge as to his willingness and understanding, ratified the selection of the jury, which then was sworn. That portion of the trial record pertaining to ratification of the jury selection is quoted in the opinion of the District Court, and need not be repeated here.
After his conviction, the defendant appealed and argued that he had not freely and voluntarily waived his objection to the selection of the jury in his absence. The District Court agreed and reversed, relying on Fla. Stat. § 914.01, F.S.A.
*139 It is settled law that trial begins when the selection of a jury to try the case commences. The defendant has a right to be, and is required to be, present during certain phases of his trial, including all stages of jury selection; however, if the defendant is present at the start of his trial, and thereafter voluntarily absents himself, the trial may continue as though he were present. Fla. Stat. § 914.01, F.S.A., which is repealed effective January 1, 1971, Laws of Florida (1970), Ch. 70-339, § 180, and which has been superseded by similar provisions in F.Cr.P.R. 1.180(a) (3) and (b), 33 F.S.A. Also, see Lowman v. State, 80 Fla. 18, 85 So. 166 (1920); Mulvey v. State, 41 So.2d 156 (Fla. 1949). Also, a defendant can waive a jury trial entirely. F.Cr.P.R. 1.260.
It is the contemplation of Fla. Stat. § 914.01 and of F.Cr.P.R. 1.180, and of case law, that where a defendant absents himself during his trial, with knowledge that his trial is underway, his absence shall not be permitted to interrupt the proceedings. These rules and cases turn on the theory that the requirement of the defendant's presence is for his protection, and therefore he can waive it if he chooses by voluntarily absenting himself. The orderly administration of criminal justice and the protection of society require that a trial, otherwise valid, should not be aborted by a defendant's voluntary nonparticipation.
Recent Florida cases have witnessed the emergence of a concept of constructive notice, in that when a defendant is absent but is represented by counsel to whom he has not objected, who waives objection to the defendant's absence, actual or constructive knowledge of the proceedings may be imputed to the defendant. Recognizing the possibilities of abuse of this doctrine, its application has been, and should be, limited to those cases in which the defendant, upon his reappearance at his trial, acquiesces in or ratifies the actions taken by his counsel during his absence. See Cole v. State, 199 So.2d 480 (Fla.App. 3rd, 1967). In Henzel v. State, 212 So.2d 92 (Fla.App.3rd, 1968), certiorari denied 393 U.S. 1085, 89 S.Ct. 870, 21 L.Ed.2d 778, rehearing denied 394 U.S. 967, 89 S.Ct. 1303, 22 L.Ed.2d 570, the District Court of Appeal, Third District, in discussing the application of the waiver doctrine to the requirement of a defendant's presence at trial, stated:
"[A] defendant's subsequent acquiescence in matters conducted during his absence by his attorney has been construed as such a waiver." (212 So.2d page 93)
The District Court of Appeal attempted to distinguish the case sub judice from its decision in Henzel v. State, supra, on the theory that the defendant in this case had no actual or constructive notice that his trial was commencing. This was error. We conclude this case is governed by Henzel v. State, supra, and Cole v. State, supra, and that the conviction should stand. We note that in this case the defendant was represented by counsel of his own choosing, who was present during all stages of jury selection, and who waived objection to defendant's absence, and that the defendant after appearing in court and after careful questioning by the trial judge as to his understanding and knowledge freely ratified the actions of his counsel. There has been no showing that the defendant was unprotected during his absence, or that occurrences or omissions prejudiced the proceedings against him. Prejudice will not be presumed, where the record shows free and voluntary ratification by the defendant of proceedings which occurred during his absence.
We conclude that the doctrine of constructive notice of trial is invoked when a defendant is absent from a portion of his trial, where he knew or should have known of the proceedings, even if he did not actually receive notice of the trial, when he is represented by counsel to whom he has not objected, and when his counsel waives objection to the defendant's absence. In these circumstances, a trial judge has the discretion to decide whether the defendant on his *140 appearance in court should be allowed to acquiesce in or actually ratify the actions taken by his counsel.
Even lacking constructive notice, the result is the same on the facts in the case sub judice. We hold that when a defendant is absent from a portion of his trial due to lack of notice, is represented by counsel to whom he has not objected, when his counsel waives objection to the defendant's absence, and when the defendant thereafter appears and freely and willingly, knowingly and with understanding, waives objection to and ratifies the actions taken by his counsel, the judge does not abuse his discretion if he elects to proceed with the trial. We do not hold that a defendant's absence due to lack of notice or which is otherwise involuntary can be subsequently cured by defendant's silent acquiescence in continuation of his trial, without a showing of actual or constructive knowledge.
In either case, continuation of the trial must depend on the defendant's consent. When he objects, or when he is absent without a showing that he knew or should have known of the proceedings, if he fails to ratify the burden shifts to the State to prove that the defendant was voluntarily absent within the contemplation of F.Cr.P.R. 1.180 or Fla. Stat. § 914.01, F.S.A.
For the reasons stated herein, the decision of the District Court of Appeal is quashed. This cause is remanded to the District Court, to be further remanded to the trial court with instructions to reinstate the judgment of that court and for further proceedings consistent with the views herein.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, BOYD and DREW (Retired), JJ., and MURPHREE, Circuit Judge, concur.