SCHWARTZ, ALAN R., Associate Judge
(dissenting).
I respectfully dissent. In direct violation of the terms of Fla.Rule of Crim.Proc. 3.180(a)(5), the defendant, who was in custody, was involuntarily not present in the courtroom when, after having initially retired, the jury returned for and received further instructions concerning the forms of the verdicts in the case. It is plain, indeed it is stipulated, that Hickman did not specifically acquiesce in or ratify the actions taken by his counsel or the court in his absence. His mere “silent acquiescence in continuation of his trial . ” cannot amount to a waiver of the defendant’s basic right, embodied in the rule, to be present at those proceedings which vitally affect his freedom and liberty. State v. Melendez, Fla.1971, 244 So.2d 137, 140.
Since this is true, and since it seems very clear that the violation of the rule cannot be considered harmless error — in view both of the importance of the right involved, and of the likelihood that the jury, observing the defendant’s absence, may well have reached the correct, though admittedly prejudicial, conclusion that the reason he was not present was that he was being confined — I would hold that Hickman is entitled to a new trial upon the charges against him. Deans v. State, Fla.App.2d 1965, 180 So.2d 178; Okins v. Caldwell, 9 Cir. 1974, 500 F.2d 47; Evans v. United States, 6 Cir. 1960, 284 F.2d 393.