KLEIN, J.
We withdraw our opinion which was filed on November 22, 2000 and substitute the following opinion.
Appellant was convicted of three counts of robbery with a firearm and seeks a new trial on the ground that he was improperly denied a peremptory challenge of a juror. We affirm.
The challenges to jurors began with appellant exercising peremptory challenges on two females and one male with no objection from the state. The state then attempted to exercise a peremptory challenge on a black female and appellant asked for a race neutral reason. The state responded:
MR. HOLDEN: Judge, I don’t have any race neutral reason but I will withdraw my strike, go back to defense strike that they used. I didn’t bring that up at that time. I believe everybody now is a protected party.
The state then acknowledged that the only reason it was now objecting to peremptory strikes already exercised by appellant was because the appellant was objecting to the state’s striking the black female. The trial court expressed concern with the tactics being used by the state, noted that this was not the first time the court had observed this type of thing, and suggested that it should be addressed by an appellate court.
The prosecutor’s attempt to exercise a peremptory challenge on a black female, when he had no race neutral reason, was not only unprofessional, but would have, if allowed, violated her constitutional right to serve on a jury without being discriminated against.[1] We remind the prosecutor that it is his ethical duty to see that justice is done rather than to secure convictions. Smith v. State, 95 So.2d 525 (Fla.1957); Lewis v. State, 711 So.2d 205 (Fla. 3d DCA 1998).
The issue raised by appellant involves the trial court’s denial of his attempted peremptory strike of a woman. He argues that the trial court abused its *895 discretion, because his explanation that he was challenging her because she was a nurse was a gender neutral reason. When the trial'court asked why he did not want a nurse on the jury, appellant’s counsel responded that one of the other people charged in this case was shot and that person might be called to testify. He suggested that the woman’s experience as a nurse might affect her evaluation of that testimony. Although the explanation that the woman was a nurse was gender neutral, the explanation for the challenge was not gender neutral:
Judge, Artori Brown was shot. He might be called to testify in this case. Maybe that somehow impacts her ability to listen to evidence as a lady juror. She has certain expertise in the field, (emphasis supplied.)
Taken in context, it appears that the trial court considered and rejected the reasons given by counsel for the strike. This credibility issue was within the province of the trial court. Melbourne v. State, 679 So.2d 759, 764 (Fla.1996). This challenge smacks of the same unprofessional-ism as did the prosecutor’s attempt to strike the black female.
We have considered appellant’s argument that he should have had an instruction on grand theft as a lesser included offense but conclude that, under the allegations of the information in this case, he was not entitled to such an instruction. We therefore affirm.
SHAHOOD and GROSS, JJ., concur.

. State v. Slappy, 522 So.2d 18 (Fla.1988); Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).