804 So.2d 415 (2001)
Michael Theodore JAWORSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3584.
District Court of Appeal of Florida, Fourth District.
October 10, 2001.
Opinion on Grant of Rehearing December 26, 2001.
Rehearing Denied February 7, 2002.
*416 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Thomas C. Mielke, Assistant Attorney General, Fort Lauderdale, for appellee.
FARMER, J.
Defendant was charged with three counts of armed robbery. The day trial began, with defendant personally present, his lawyer asked the court for a one-day continuance to locate and serve a trial subpoena on a witness named Adams. This last minute necessity resulted from the state's change in plans to call Adams to testify for the prosecution. The trial court granted the continuance.
Later that same day, defense counsel requested another conference with the trial judge and prosecutor. Defendant was not present, but defense counsel purported to waive defendant's presence. In this later conference, defendant's counsel explained that he had learned that Adams was no longer in Florida and orally requested a longer continuance or a mistrial. After discussion, defense counsel ultimately reached a compromise with the prosecutor, however, and withdrew his request. In this compromise, the state agreed not to raise any hearsay objections to counsel asking a police officer about Adams' statements during her identification of defendant. Defendant now appeals his conviction and raises an issue as to his absence from this later conference, arguing that it is reversible error. We agree.
Florida Rule of Criminal Procedure 3.180(a) states that "the defendant shall be present...at any pretrial conference, unless waived by the defendant in writing." Defendant did not waive his presence at the later afternoon conference in writing. Nor did defendant later expressly approve the results of the conference on the record, in open court, and acquiesce in the testimony of Adams being presented as hearsay *417 by the officer rather than as live testimony. It was therefore error to conduct the conference without his presence. Pomeranz v. State, 703 So.2d 465, 470-71 (Fla.1997); see also Kearse v. State, 770 So.2d 1119, 1124 (Fla.2000) ("Because Kearse had not waived his presence at the time of the... hearing, we find that error occurred."); Garcia v. State, 492 So.2d 360, 364 (Fla.1986) ("Appellant is correct in his assertion that he has a constitutional right to be present at all crucial stages of his trial where his absence might frustrate the fairness of the proceedings.").
Violations of rule 3.180 are subject to harmless error analysis. See Garcia, 492 So.2d at 364; Francis v. State, 413 So.2d 1175 (Fla.1982); State v. Melendez, 244 So.2d 137 (Fla.1971). In assessing whether the absence was reversible error in Pomeranz, the court explained:
"In situations involving violations of rule 3.180, `it is the constitutional question of whether fundamental fairness has been thwarted which determines whether the error is reversible.' A review of the record shows that Pomeranz's absence at these conferences was not prejudicial to his case. The September 22, 1992, conference, which took place shortly after Pomeranz was indicted, consisted of the trial court judge questioning defense attorney Keith Krasnove, who was representing Pomeranz in an unrelated robbery charge and happened to be before the trial court on another matter, about whether he had been retained by Pomeranz's family to defend Pomeranz in the murder case. Krasnove indicated at this hearing that he was going to be representing Pomeranz on the murder charge. The judge made it clear that he did not want to turn the discussion into a formal hearing and that his only concern was to see that Pomeranz was represented by someone. We find that the fundamental fairness of the conference was not thwarted by Pomeranz's absence and that any error that occurred was therefore harmless.
"At the June 4, 1993, conference, the trial court and counsel discussed the issue of moving the trial from Martin County to a more adequate facility in St. Lucie County. Due to temporary space constraints at the Martin County Courthouse, there were no adequate courtroom facilities available in Martin County to meet the space and security requirements of a capital murder trial. Pomeranz asserts that had he been present at this conference, his counsel might not have agreed to moving the case to St. Lucie County. However, we find that no prejudice occurred in this instance because while defense counsel tentatively agreed to the move, no final decision was made on this issue until June 23, 1993, at a hearing attended by Pomeranz, at which time Pomeranz gave his consent to moving the trial to St. Lucie County. We therefore find that the error caused by Pomeranz's absence from the June 4, 1993, conference was harmless."
703 So.2d at 471. In both absences the court found the error harmless, if error at all. The first meeting was not even a conference, i.e., a formal hearing, and nothing happened except for counsel informing the trial judge that he would be representing defendant. In the second, no decision was reached at the conference, and defendant himself later approved the relocation of trial when the decision was finally made.
In its harmless error analysis in Kearse, the court said:
"Here the record reflects that Judge Walsh took the venue issue under advisement and delayed hearing arguments on any motions until Kearse could *418 be present. On February 6, 1996, Kearse filed a written waiver of his presence at all pretrial conferences. At a hearing that same day, Judge Walsh acknowledged the written waiver and informed Kearse that the venue issue would be discussed in his presence. Kearse then personally represented to the court that he wanted resentencing in Indian River County. Thus, Kearse's absence during the January 30 conference was harmless beyond a reasonable doubt."
770 So.2d at 1125. Again, although defendant was absent no final decision was made, and defendant himself later approved the resentencing in Indian River County.
In contrast, the impromptu later conference in this case involved a matter touching fundamental fairnessi.e. whether exculpatory testimony would be presented by a live witness or instead as hearsay through a police officer. This is not an instance where the police officer's hearsay testimony would have been advantageous to defendant in a way that the live declarant-witness clearly would not. A defendant has the strongest possible interest in having exculpatory testimony presented by a live witness rather than through the lips of another person. The decision whether to waive the use of the live witness presents issues of the most sensitive and personal kind of strategy and tactics. It is uniquely for a defendant, not counsel, to make this kind of decision.
Concededly, the record reflects that the trial judge personally informed defendant of the fact of the afternoon conference when trial resumed the next day. But that is all that the trial judge said. The court did not advise defendant of the decision of counsel to accept the hearsay instead of subpoenaing the witness. Nor did the judge advise defendant that his lawyer had purportedly waived his presence but that only a defendant could do so by a writing. It follows, of course, that neither did the court solicit defendant's acquiescence in using the hearsay.
Resolving, therefore, "the constitutional question of whether fundamental fairness has been thwarted" we are unable to agree with the state that the error is harmless. It seems to us significantly unfair to decide this kind of strategy or tactical matter in the absence of the defendant.
The trial judge was not without a remedy. As the court held in Melendez, the absence may be waived after the fact when the defendant "upon his reappearance at his trial, acquiesces in or ratifies the actions taken by his counsel during his absence." 244 So.2d at 139. Whether to forego the live witness could have been deemed unsettled and merely advisory until the next day, at which time the matter could have been laid before the defendant himself. The judge could have then sought defendant's personal acquiescence in the matter and his express approval and ratification of his counsel's recommendation. Because this did not happen, however, he is entitled to a new trial.
REVERSED.
POLEN, C.J., and GROSS, J., concur.

ON MOTION FOR REHEARING
FARMER, J.
In a timely motion for rehearing the state newly asserts that the conference at issue was not a pretrial conference at which defendant had a right to be present because the jury had actually been selected and already sworn when the conference in question was held. Although the state had conceded in its brief that there was a violation of rule 3.180 when defendant was not present at the conference in question, *419 it now argues there was no violation and that we should reconsider and affirm.
Generally issues not raised in a party's brief(s) are deemed waived and may not be considered for the first time in a motion for rehearing. See Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983) ("When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy."); see also Fla.R.App.P. 9.330(a) ("a motion for rehearing ... shall not present issues not previously raised in the proceeding."). As an appellate court, however, we are obligated to entertain any basis to affirm the judgment under review, even one the appellee has failed to argue. See Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999); see also Cohen v. Mohawk, Inc., 137 So.2d 222, 225 (Fla.1962). In other words, an affirmance is required if any theory, whether argued or not, would sustain the judgment.
The record supports the state's position on rehearing that when the conference at issue was held a jury had already been selected to hear the case and sworn.[1] The rules do not define a pretrial conference, but in State v. Melendez, 244 So.2d 137, 139 (Fla.1971), the court explained that: "It is settled law that trial begins when the selection of a jury to try the case commences." See also State v. Singletary, 549 So.2d 996, 998 (Fla.1989) ("The selection of a jury to try a case is the beginning of trial.").
Because trial had begun, defendant's presence was required by the rule only:
"(6) when evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury; (7) at any view by the jury; (8) at the rendition of the verdict; and (9) at the pronouncement of judgment and the imposition of sentence."
Fla. R.Crim. P. 3.180(a). The conference at issue considered only the attempt by defendant's counsel to continue the trial because of the absence of the witness. This reason does not fall into the rule's few categories during a trial that has actually begun. Therefore, defendant's presence was not required by rule 3.180.
In view of the foregoing we are required to, and do hereby, affirm the conviction.
REHEARING GRANTED; CONVICTION AFFIRMED.
POLEN, C.J., and GROSS, J., concur.
NOTES
[1] The jury was accepted on July 17th, and the conference held on July 19th.