MAY, J.,
concurring specially.
I concur with the majority in its new opinion, but write to express my concern that the winning issue for the appellee— homestead — -is an issue raised for the first time in her motion for rehearing. The issue was not raised in the pleadings in the trial court, not in the motion for summary judgment, not in the argument of counsel, and not in the answer brief filed in this court. Yet, miraculously in the motion for rehearing from our initial opinion reversing the summary judgment, homestead suddenly appears.
Generally issues not raised in a party’s brief(s) are deemed waived and may not be considered for the first time in a motion for rehearing. See Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983) (“When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy.”); see also Fla. R.App.P. 9.330(a) (“a motion for rehearing ... shall not present issues not previously raised in the proceeding.”). As an appellate court, however, we are obligated to entertain any basis to affirm the judgment under review, even one the appellee has failed to argue. See Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644-15 (Fla.1999); see also Cohen v. Mohawk, Inc., 137 So.2d 222, 225 (Fla.1962). In other words, an affirmance is required if any theory, whether argued or not, would sustain the judgment.
Jaworski v. State, 804 So.2d 415, 419 (Fla. 4th DCA 2001). For this reason, I concur.