[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15412
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-14440-DLG

MICHAEL THEODORE JAWORSKI,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 27, 2012)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Michael Theodore Jaworski, a Florida prisoner, appeals the district court's order denying his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In 1999, a state jury found Jaworski guilty of robbery with a dangerous weapon and possession of a firearm by a convicted felon, and he received a life sentence. His convictions were initially overturned on appeal, but on rehearing, the state appellate court reversed itself, affirming his convictions. See Jaworski v. State, 804 So.2d 415, 418 (Fla. 4th Dist. Ct. App. 2001). In 2011, Jaworski filed in federal district court his § 2254 petition, alleging, among other things, that: (1) the state trial judge violated his constitutional rights by leaving to attend an investiture ceremony for another judge during jury deliberations (Ground 1); and (2) trial and appellate counsel were ineffective for failing to assert his right to be present at a bench conference during trial at which the parties agreed to introduce exculpatory evidence through hearsay, as opposed to live, testimony (Ground 5). The district court denied Jaworski's § 2254 petition in its entirety, and specifically concluded that Jaworski failed to exhaust Ground 1, and that Ground 5 failed because Jaworski did not demonstrate that either trial or appellate counsel's conduct relating to the bench conference resulted in prejudice. The district court granted a certificate of appealability ("COA") designating Grounds 1 and 5.

2

On appeal, Jaworski raises the following arguments concerning Grounds 1 and 5: (1) he exhausted, and did not procedurally default Ground 1 by presenting it to the state court as a violation of his federal rights; (2) the judge's absence from the courtroom while a question from the jury was pending violated his constitutional right to have a judge present during a critical stage of his proceedings; (3) defense counsel performed deficiently by purporting to waive his presence at the bench conference because he had a constitutional right to be present to offer his input on whether to call a "crucial defense witness," and was prejudiced by the resulting introduction of less reliable hearsay testimony; and (4) appellate counsel performed deficiently by premising his direct appeal on the incorrect state rule of criminal procedure, causing the state court of appeal to affirm his convictions. After careful review, we affirm.

When we examine a district court's denial of a § 2254 habeas petition on the merits, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error. Rhode v. Hall, 582 F.3d 1273, 1279 (11th Cir. 2009). A claim for ineffective assistance of counsel is reviewed de novo as a mixed question of law and fact. Id. In reviewing an ineffective assistance claim, we apply a "doubly" deferential standard that takes into account § 2254's deference to state courts and the ordinarily deference to counsel, affirming if "there is any reasonable argument that counsel" acted pursuant to prevailing professional standards. See Harrington v.

3

Richter, 562 U.S. __, 131 S.Ct. 770, 788 (2011). We may affirm the judgment of the district court "on any ground supported by the record." Trotter v. Sec'y, Dep't of Corr., 535 F.3d 1286, 1291 (11th Cir. 2008) (quotation omitted).

First, we reject Jaworski's argument that the district court erred in denying Ground 1 of his petition. Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Thus, although we review de novo the district court's decision about whether a state court reasonably applied federal law or determined the facts, we "owe deference to the final state habeas judgment." Hall v. Thomas, 611 F.3d 1259, 1284 (11th Cir. 2010) (quotation omitted). This deference applies whenever a claim was adjudicated "on the merits." Loggins v. Thomas, 654 F.3d 1204, 1218 (11th Cir. 2011). For § 2254 purposes, a claim is presumed to be adjudicated on the merits

4

"unless the state court clearly states that its decision was based solely on a state procedural rule . . . " Id. at 1217 (quotation omitted).

"[C]learly established Federal law" refers to Supreme Court holdings that were in effect at the time of the relevant state court decision. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir.), cert. denied, 131 S.Ct. 647 (2010). To act contrary to clearly established federal law, the state court must have either: (1) applied a rule that contradicted a ruling by the Supreme Court; or (2) reached a different result than the Supreme Court "when faced with materially indistinguishable facts." Id. (quotation omitted). Thus, where the law at the time is unclear as to an issue, a habeas petitioner will be unable to demonstrate that it was "clearly established." See Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1327-28 (11th Cir. 2007).

An unreasonable application of federal law occurs when the state court identifies the correct governing legal rule, but "unreasonably applies that principle to the facts of the prisoner's case." Cox v. McNeil, 638 F.3d 1356, 1360 (11th Cir. 2011) (quotations omitted), cert. denied, 132 S.Ct. 309 (2011). But review under § 2254(d)(1) "goes no farther" than inquiring into whether "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Cave v. Sec'y, Dep't of Corr., 638 F.3d 739, 744 (11th Cir. 2011) (quotations omitted).

5

Even if the district court was mistaken in concluding that the claim that Jaworski raised in Ground 1 was exhausted and thus, procedurally barred, his claim is meritless. Neither the Supreme Court nor this Court has published an opinion addressing an assertion of constitutional error when a judge in a criminal case absented himself during jury deliberations. Given the lack of binding precedent that "squarely address[es]" the constitutional implications of a trial judge's absence under the circumstances presented in this case, Jaworksi's claim on Ground 1 failed to make the required showing that the state court acted contrary to "clearly established" federal law. See Anderson, 462 F.3d at 1327-28.[1] Accordingly, we affirm on the

_____

[1] Furthermore, assuming arguendo that clearly established federal law prohibited the state trial judge from leaving during jury deliberations, any error in this respect was harmless. Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 942 (11th Cir. 2009) (quotation omitted) ("[S]ome constitutional errors may be so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless."). Indeed, in McElroy v. Firestone Tire & Rubber Co., 894 F.2d 1504, 1510 (11th Cir. 1990), on the second day of deliberations in a trial on a civil action, and after the judge had gone home, the deputy clerk assigned to excuse the jury witnessed one of the jurors "crying and expressing a desire to be with her family." The judge could not be reached, and clerk informed attorneys for both sides about the situation. Id. On appeal, the plaintiff below alleged that the trial judge had "abandon[ed] the jury during deliberations and fail[ed] to communicate with the jury upon request." Id. (alterations in original). This Court rejected that claim, holding that there was no evidence that the judge, if available, "would, should, or could" have done anything differently, nor was there any evidence that the jury had something to communicate. Id. The Court further observed that there was no reason to suspect that the circumstances of the case led the jury to rush to a verdict. Id. Like in McElroy, the trial judge in Jaworski's case, before leaving for the investiture, did not give the jury an opinion on the evidence or say what, if anything, the jury should consider while it was waiting to hear replayed testimony, and informed the jury that he did not want it to rush to judgment. Moreover, the jury did not quickly reach a verdict or otherwise appear to be "chilled," by the trial judge's absence but rather, was still deliberating -- and had asked another question -- when the trial judge returned from the investiture. In addition, the trial judge, upon his return, offered the jurors an opportunity to hear the replayed testimony as it originally requested, but the jury did not repeat its request. That the jury never heard the testimony replayed is not itself

merits the district court's denial of the claim that Jaworski raised in Ground 1. Trotter, 535 F.3d at 1291.

We also find no merit to Ground 5. The United States Constitution provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[se]." U.S. Const. amend. VI. To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both parts of the test must be met, thus, if a defendant cannot satisfy the performance prong, a court does not need to address the prejudice prong, and vice versa. Michael v. Crosby, 430 F.3d 1310, 1319 (11th Cir. 2005).

In determining whether counsel's performance was deficient, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Well-researched strategic choices are "virtually unchallengeable." Id. at 690-91. Appellate counsel need not raise meritless issues on direct appeal. Owens

---

prejudicial, as the jurors could have simply decided to proceed on their recollection. Absent any evidence of express or implied intimidation, there is little in the record to suggest that the trial judge's temporary absence during the deliberations had any effect on the jury's ultimate guilty verdict, and the error, if any, was harmless.

v. Sec'y, Dep't of Corr., 568 F.3d 894, 915 (11th Cir. 2009). Rather, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52 (1983).

To establish prejudice, the petitioner has the burden to show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation omitted). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation omitted). Where ineffective assistance is based on counsel's failure to call a witness, the burden to show prejudice is heavy because "often allegations of what a witness would have testified to are largely speculative." Sullivan v. DeLoach, 459 F.3d 1097, 1109 (11th Cir. 2006).

In this case, neither defense counsel nor appellate counsel were ineffective for failing to assert Jaworksi's right to be present at a bench conference during trial at which the parties agreed to introduce exculpatory evidence through hearsay, as opposed to live, testimony. As the record shows, Jaworski was confronted at trial with defense counsel's decision to use hearsay testimony but, raised no objection at the time. In addition, counsel repeatedly made the jury aware of reasons to doubt

testimony from the state's witnesses identifying Jaworksi as the suspect, but the jury convicted him nonetheless. Consequently, Jaworski has failed to demonstrate that, but for defense counsel's decision to reach a compromise with the state about the hearsay testimony outside of his presence, he would not have been convicted. See Marquard, 429 F.3d at 1305.

As for his claim that appellate counsel performed deficiently by premising his direct appeal on Rule 3.180(a)(3), instead of Rule 3.180(a)(6), the state court of appeals already has determined that the rule of criminal procedure which he now invokes was inapposite. See Jaworski, 804 So.2d at 419 (holding that "defendant's presence was not required by rule 3.180[(a)(6)]"). Because an argument that Rule 3.180(a)(6) guaranteed Jaworski's presence would not have succeeded, appellate counsel was not ineffective for failing to raise that non-meritorious argument. See Owens, 568 F.3d at 915. Accordingly, we affirm.

**AFFIRMED.**