186 So.2d 58 (1966)
Charles David GRISSINGER, a Minor, by His Father and Next Friend, Kenneth I. Grissinger, et al., Appellants,
v.
Thomas James GRIFFIN, Appellee.
No. 60.
District Court of Appeal of Florida. Fourth District.
April 27, 1966.
Rehearing Denied May 23, 1966.
*59 William Whitaker, Winter Park, for appellants.
Leon H. Handley and John L. Sewell, of Gurney, Gurney & Handley, Orlando, for appellee.
MELVIN, WOODROW M., Associate Judge.
The parties will be referred to as they appeared in the trial court;
This is an appeal by the plaintiffs to review a final judgment entered by the trial court for the defendant, the judgment being based upon the verdict of the jury.
The litigation between these parties arose out of an automobile-pedestrian accident that occurred when the minor plaintiff attempted to run across a residential street and was struck, about the center of the street, by defendant's automobile.
The defendant's answer denied that he was negligent in the operation of his automobile at the time and place in question and further raised the affirmative defense of contributory negligence.
Upon stipulation the case was tried upon the issue of liability only.
The trial court correctly charged the jury the law as to negligence, proximate cause and contributory negligence.
The record reflects that after the jurors began deliberation they returned into court and requested further instruction relating to contributory negligence. The request was granted. The foreman then advised the court that the jurors were having great difficulty in applying the law to the facts in the case. Thereupon, the court recessed until the following morning. Upon reconvening of court the judge again charged the jury the law relating to contributory negligence, and the jury retired to further consider the case at 10:25 a.m.
The record then reflects that the jury requested of the bailiff a dictionary. The defendant's attorney, with the permission of the trial judge, obtained from the judge's chambers a Webster's Unabridged Dictionary and delivered it to the bailiff, who then delivered it to the jury. The court was in recess.
The attorney for the plaintiffs entered in the record his objection to allowing the jury to have a dictionary. Thereupon, at 10:40 a.m., the jury returned into court with its verdict finding in favor of the defendant.
Plaintiffs assign as error the delivery of the dictionary to the jury for its use in reaching a verdict. We agree and reverse.
The trial court is the only source from which the jurors may properly obtain the law or definition of legal terms applicable to the issue being resolved by them. If members of the jury are permitted access to and use of an unabridged dictionary, a legal dictionary, or Words and Phrases, they may proceed to torture the words in the court's charge from their true meaning. Smith v. State, Fla. 1957, 95 So.2d 525.
Plaintiffs' remaining assignments of error have been considered and found to be without merit.
The judgment appealed from is reversed, and the cause is remanded for a new trial.
SMITH, C.J., and ANDREWS, J., concur.