**UNITED STATES of America, Plaintiff,**

v.

**Terry G. YOAKAM, Defendant.**

**Criminal Action No. 95–20023–01.**

United States District Court,
D. Kansas.

June 6, 1996.

Pedro L. Irigonegaray, Robert V. Eye, Irigonegaray & Associates, Topeka, KS, Terry G. Yoakam, Leavenworth, KS, for defendant.

Leon J. Patton, Office of United States Attorney, Kansas City, KS, for Plaintiff.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This matter is before the court on defendant's motion (Doc. 86) for judgment of acquittal, Fed.R.Crim.P. 29, or for a new trial, Fed.R.Crim.P. 33. The government has responded (Doc. 96) in opposition to the motion. For the reasons set forth below, the motion is denied.[1]

On March 9, 1995, defendant Terry G. Yoakam was charged in an eight-count indictment. The indictment charged defendant in Count I with arson in violation of 18 U.S.C. § 844(i); in Count II with knowingly using fire to commit mail fraud in violation of 18 U.S.C. § 844(h)(1); in Counts III–VI with mail fraud in violation of 18 U.S.C. § 1341; and in Counts VII and VIII with wire fraud in violation of 18 U.S.C. § 1343.

Commencing January 16, 1996, defendant's case was tried to a jury. On March 14, 1996, the jury found defendant guilty on all counts of the indictment. In his current motion, defendant contends that he is entitled to judgment of acquittal or a new trial.

### I. DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

In considering a motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29, the court must:

> view the evidence in the light most favorable to the government and then determine whether there is sufficient evidence from which a jury might properly find the accused guilty beyond a reasonable doubt.... [The court is permitted] to enter a judgment of acquittal only if the evidence is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.

_United States v. White_, 673 F.2d 299, 301 (10th Cir.1982) (citations omitted); _United States v. Peveto_, 881 F.2d 844, 860 (10th Cir.), _cert. denied_, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989). The court must refrain from weighing conflicting evidence and from considering the credibility of witnesses. Instead, the court must determine whether the evidence, if viewed in the light most favorable to the government, establishes each element of the crime. _White_, 673 F.2d at 301–02. If so, the court must not disturb the jury's verdict of guilty. _Id._ at 302.

In his current motion, defendant contends that there was insufficient evidence at trial to sustain a verdict of guilty beyond a reasonable doubt. In support, defendant argues that the government's evidence was "riddled with inconsistencies, false testimony, and testimony that is both patently incredible, and/or defies physical realities." Defendant maintains that the testimony of the government's cause and origin experts ignored the physical realities of fire, fire progression, and the time available to defendant to set the fire. The court disagrees.

---

1. Defendant requested oral argument on his motion. Because oral argument would not be of material assistance to the resolution of the motion, defendant's request is denied.

The court concludes that the evidence was sufficient to sustain the verdict of guilty. In reaching that conclusion, the court has neither weighed conflicting evidence nor considered the credibility of any of the witnesses. Rather, the court has reviewed the record of the case in the light most favorable to the government. From its review, the court is satisfied that the evidence established each element of the crimes with which defendant was charged and that the evidence supports a finding of guilt beyond a reasonable doubt. Accordingly, the court rejects defendant's contentions to the contrary, and finds that he is not entitled to judgment of acquittal.

## II. DEFENDANT'S MOTION FOR NEW TRIAL

In considering a motion for new trial, the court has broad discretion that will not be disturbed on appeal absent plain abuse of that discretion. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987). The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Fed. R.Crim.P. 33 provides that a court may grant a new trial "if required in the interest of justice." Additionally, any error that would require reversal on appeal is a sufficient basis for granting a new trial. 3 Charles Alan Wright, *Federal Practice and Procedure: Criminal 2d* § 556 (1982). However, the court disfavors new trials, *United States v. Gleeson*, 411 F.2d 1091 (10th Cir.1969), and exercises great caution in granting them. *United States v. Allen*, 554 F.2d 398 (10th Cir.), *cert. denied*, 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977). The burden of demonstrating prejudicial error is on the defendant, and new trials should not be granted if a defendant's substantial rights have not been affected. *See, e.g.*, 3 Charles Alan Wright, *Federal Practice and Procedure: Criminal 2d* § 551 (1982) and cases cited therein. The court may weigh the evidence and consider the credibility of witnesses, but it "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir. 1985).

Defendant contends that he is entitled to a new trial for the following reasons: (1) The verdict was against the weight of evidence; (2) Prosecutorial misconduct; and (3) Jury misconduct.

As the court previously noted, defendant's first contention is that the government's evidence was insufficient to establish his guilt beyond a reasonable doubt. Defendant argues that the theories of the government's experts about the cause and origin of the fire were inconsistent with the evidence presented by the firefighters concerning the fire's progression. Additionally, defendant asserts that the theories of the government's experts regarding the cause and origin of the fire defy physical reality. Finally, defendant maintains that it was impossible for him to have set the fire within the window of time that the evidence established he was alone in the building. Thus, defendant contends that a manifest injustice would result if the court does not grant a new trial. The court disagrees.

The court should not invoke its power to grant a new trial unless the evidence "preponderates heavily against the verdict." 3 Charles Alan Wright, *Federal Practice & Procedure: Criminal 2d* § 553, at 248 (2d ed. 1982); *see also United States v. Evans*, 42 F.3d 586, 593–94 (10th Cir.1994). Although defendant's explanation for the cause and origin of the fire presents a reasonable alternative to the government's case, that is an insufficient ground for granting a new trial. The court concludes that the evidence does not weigh heavily against the jury's verdict and that defendant is not entitled to a new trial on this ground.

Defendant next contends that he was denied a fair trial because the government committed prosecutorial misconduct during its closing argument. During closing argument, the government argued that the fire destroyed a contractor's counter and that defendant had time to walk through the building and set the fire. Defendant claims that those assertions were contrary to the evidence presented at trial and that they involved "nerve-center issues" that were pivotal to the jury returning a guilty verdict. Claiming substantial prejudice, defendant ar-

gues that the prosecutor's misstatements warrant acquittal or a new trial.[2]

 To justify a new trial on the basis of prosecutorial misconduct, the misconduct must be prejudicial to the defendant; that is, the misconduct must have been substantial enough to influence the jury's verdict. *See United States v. Alexander*, 849 F.2d 1293, 1296 (10th Cir.1988). The "touchstone" of analysis in cases of alleged prosecutorial misconduct is not the culpability of the prosecutor, but is instead the fairness of the trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78 (1982). The prosecution's closing argument must be viewed in the context of what else the government said and in the context of the entire record. *Hopkinson v. Shillinger*, 866 F.2d 1185, 1210 (10th Cir.1989). As long as the closing comments are not beyond the admitted evidence or reasonable inferences and conclusions to be drawn from that evidence, no misconduct occurs. *See United States v. Dickey*, 736 F.2d 571, 596 (10th Cir.1984), *cert. denied*, 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985).

The court interrupted the government's closing argument during the prosecutor's comments regarding the amount of time it would take defendant to walk through the building and start the fire. The court informed the jury that the government's time estimates were based on the time it took the prosecutor to verbally walk defendant through the building. Thus, because of proper instruction, the defendant was not prejudiced by the government's remark.

The court finds that the government did not mischaracterize the evidence regarding the contractor's counter or defendant's testimony concerning his walk-through of the building. The court concludes that the government's closing argument did not prejudice the defendant's case and did not go beyond the evidence admitted. Thus, defendant is not entitled to a new trial on this ground.

Finally, defendant claims that his trial was rendered fundamentally unfair because two jurors reportedly discussed the case outside the jury room. In arguing for a new trial, defendant contends that this alleged jury misconduct infringed on his Sixth Amendment right to a fair trial. The court is not persuaded.

 The court "has a great responsibility and wide discretion in dealing with a motion for a new trial based on allegations of juror misconduct." *United States v. Jones*, 707 F.2d 1169, 1173 (10th Cir.1983) (citing *United States v. Hendrix*, 549 F.2d 1225, 1227 (9th Cir.1977)). In investigating allegations of juror misconduct, the court must examine the "content of the allegations, including the seriousness and likelihood of the alleged bias, and the credibility of the source." *Id.* Even if the court determines that the allegations of misconduct are true, defendant is not automatically entitled to a new trial. The relevant inquiry is whether the juror "'misconduct has prejudiced the defendant to the extent that he has not received a fair trial.'" *Id.* (quoting *Hendrix*, 549 F.2d at 1229).

After defendant brought the alleged incident of juror misconduct to the court's attention, the court conducted a hearing to determine the merits of the allegation. The court heard testimony from a courthouse guard who overheard two jurors participating in a heated discussion concerning their deliberations in the case. The court found that the testimony of the courthouse guard was credible and denied defendant's oral motion under Fed.R.Evid. 606(b) to obtain affidavits from the two jurors regarding their conversation.

 In the current motion, defendant renews his request for a Rule 606(b) investigation. The court clearly stated its reasons for denying defendant's motion for a Rule 606(b) investigation in the record. Additionally, the court notes that intrajury influences such as discussions among jurors, intimidation or harassment of one juror by another are not within the exception provided under Fed.R.Evid. 606(b) for inquiry into the validity of the jury's verdict. *See Government of*

---

**2.** The court notes that defendant's counsel did not object at trial to the prosecutor's comments in closing argument. Because defense counsel failed to object, defendant must demonstrate that the prosecutor's comments constituted plain error in order to obtain a new trial on this ground. *United States v. Lonedog*, 929 F.2d 568, 570 (10th Cir.1991).

*the Virgin Islands v. Gereau,* 523 F.2d 140, 150 (3d Cir.1975); *Arney v. Roberts,* No. 90–3030–S, 1992 WL 112250, at *11 (D.Kan.1992) (intrajury influences are "within the rule, rather than the exception"). Intrajury influences are not "extraneous prejudicial information" or "outside influence." Fed. R.Crim.P. 606(b). The court concludes that its original ruling was correct, and reaffirms it.

 As the court previously noted, the testimony of the courthouse guard concerning the conversation of two jurors outside the jury room was credible. The court next addresses whether the juror misconduct prejudiced defendant. Although the Tenth Circuit recognizes that "a rebuttable presumption of prejudice arises whenever a jury is exposed to external information," *United States v. Davis,* 60 F.3d 1479, 1484–85 (10th Cir.1995), that is not the situation before the court in the instant action. This case involves intrajury influences. To determine the possibility of prejudice, the court must assess "the probable effect of the misconduct upon the average juror." *See Arney,* 1992 WL 112250, at *11 (one juror conducted out-of-court experiment and presented findings to fellow jurors).

The court finds that the facts fail to establish that the conversation between the jurors impacted their ability to render an impartial and fair verdict. Additionally, after the jury returned its verdict, the court individually polled the jurors to determine whether the verdict was the decision of each member of the jury. The court concludes that defendant was not prejudiced by juror misconduct and that a new trial on this basis is inappropriate. For the reasons set forth above, the court concludes that defendant is not entitled to a new trial.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion (Doc. 86) for judgment of acquittal or for a new trial is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**