DELL, J.
Henry Duchainey appeals his conviction and sentence for delivery of oxycodone *39 (Counts I and II), trafficking in oxycodone in an amount of four grams or more but less than fourteen grams (Count III), possession of hydromorphone in an amount less than four grams (Count IV), possession with intent to sell or deliver diazepam (Count V), and possession of alprazolam (Count VI). Appellant argues three points on appeal; two of which we need not address. We affirm without prejudice to appellant to seek a jury interview.
After the jury returned its verdict and was discharged, the court’s bailiff found photocopied pages from an unauthorized dictionary and thesaurus in the jury room. Certain words (deliver/delivery, entrap, exchange, respect, sell, set up, tolerance, and traffic) had been highlighted and/or underlined. The bailiff searched the room the night prior, after the jury went home for the evening, and searched it again before opening the courtroom that day, and did not see the materials. After the court informed the parties of the alleged misconduct, appellant filed a motion for new trial alleging jury misconduct. - The court denied appellant’s motion, finding that misconduct could be presumed without juror interviews, but concluded, based upon the overwhelming evidence of appellant’s guilt, that the misconduct was harmless.
Appellant contends that the court erred in finding the presumed misconduct harmless because there was a reasonable possibility that the unauthorized materials affected the verdict. We agree that if the alleged misconduct occurred, it cannot be deemed harmless error.
In Grissinger v. Griffin, 186 So.2d 58 (Fla. 4th DCA 1966), this court reversed and remanded for a new trial because the jury had a dictionary for its use in reaching its verdict. The defendant’s attorney, with the permission of the trial judge, had the bailiff deliver a dictionary to the jury, at their request, during their deliberations. This court concluded that the “trial court is the only source from which the jurors may properly obtain the law or definition of legal terms applicable to the issue being resolved by them.” Grissinger, 186 So.2d at 59; see also Smith v. State, 95 So.2d 525, 528 (Fla.1957)(holding “that it was [reversible] error to permit the jury to have the use of a dictionary while deliberating its verdict.”).
Here, the photocopied pages from an unauthorized dictionary and thesaurus were found in the jury room after deliberations with certain words highlighted and/or underlined. These words were specific to the charges against appellant and applicable to the jury instructions. Therefore, the unauthorized materials were relevant to legal issues of this case, and could have significantly prejudiced appellant, if one or more of the jurors consulted them. But see State v. Hamilton, 574 So.2d 124 (Fla.1991)(In Hamilton, an alternate juror brought two magazines into the jury room. The supreme court concluded that the error was harmless beyond a reasonable doubt because the materials were irrelevant to both the legal and factual issues of the case.) As stated above, the materials in this case were directly related to the issues before the jurors. Consequently, the trial court must conduct a juror interview to determine whether misconduct did in fact occur.
We reject the state’s argument that the trial court correctly denied appellant’s motion without any type of inquiry because appellant failed to file an affidavit alleging jury misconduct, as required by Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97, 100 (Fla.1991). We will not deem appellant’s failure to file an affidavit a waiver of his right to seek a jury interview, since the trial judge presumed that jury misconduct occurred.
Accordingly, we affirm the trial court’s denial of appellant’s motion for new trial, but do so without prejudice to appellant to seek a jury interview. We remand this case to the trial court to conduct a jury interview upon appellant filing a motion and affidavit in compliance with Baptist Hospital. If, based upon the jury *40 interview, the court determines that a juror or jurors consulted the materials during deliberations, the trial court is further directed to grant appellant a new trial.
AFFIRMED but REMANDED.
POLEN, J., concurs.
STEVENSON, J., dissents in part with opinion.