STEVENSON, J.,
dissenting in part.
I agree with the majority opinion for the most part, but I would reverse without requiring a jury interview because even without resort to juror interviews, the record supports the trial judge’s factual finding that juror misconduct occurred. As the trial judge stated in his order denying the motion for new trial:
In this case the court finds juror interviews unnecessary. It is clear that the unauthorized material was brought into the jury room when the jurors resumed deliberations. Even if five of the six jurors claimed they did not read or see any juror read or review the unauthorized material, one juror took the time to copy and highlight the definitions. The definitions are specific to the charges against the Defendant. Thus misconduct can be presumed without juror interviews.
The remand instructions in this ease direct the trial court to conduct a jury inquiry upon motion of appellant and to grant a new trial if it determines that a juror or jurors consulted the materials during deliberations. Since the trial judge has already determined that at least one juror consulted the materials in question during deliberations, and since this finding is supported by the record, I believe that requiring juror interviews in this case is a useless exercise and an unnecessary inconvenience to the jurors.
Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97, 100 (Fla.1991), does not stand for the proposition that a jury interview is always necessary to support a motion for new trial based on juror misconduct. Rather, the court held that “an inquiry is never permissible unless the moving party has made sworn factual allegations that, if true, would require a trial court to order a new trial using the standards adopted in Hamilton.” [1] 579 So.2d at 100. In Baptist Hospital, the court focused its attention on establishing standards of legal sufficiency that affidavits requesting jury interviews must meet. I would reverse the conviction in this case and order a new trial since clear prejudicial error has occurred. See Smith v. State, 95 So.2d 525, 528 (Fla.1957)(finding error in allowing the jury to take a dictionary into the jury room); Grissinger v. Griffin, 186 So.2d 58 (Fla. 4th DCA 1966)(reversing because the jury referenced a dictionary before rendering a verdict for the defendant).

. State v. Hamilton, 574 So.2d 124 (Fla.1991).