UNITED STATES of America, Plaintiff—Appellee,

v.

Leilani Denise FAILS, Defendant— Appellant.

No. 00–50523.

D.C. No. CR–99–02963–1–BTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 12, 2002.

Before CANBY, GOULD and BERZON, Circuit Judges.

## MEMORANDUM*

In a joint trial with Cardie Gold ("Gold"), Leilani Fails ("Fails") was convicted of five counts of bank fraud in violation of 18 U.S.C. § 1344. Gold's appeal to us was resolved in an unpublished opinion on October 18, 2001. *United States v. Gold*, 2001 WL 1248737, 22 Fed.Appx. 721 (9th Cir. Oct. 18, 2001). Separately, Fails appeals her conviction, arguing that the district court erred in: (1) overruling her *Batson* challenge, (2) striking testimony by Gold regarding Fails's good character, (3) denying her motion for mistrial based on prosecutorial misconduct, and (4) denying her motion for mistrial based on juror

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

misconduct. We have jurisdiction, reject these claims and affirm.

Because both parties are aware of the facts giving rise to the appeal, we recount them here only as necessary to explain our ruling.

## I

■ Fails argues that the government violated *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), by using its peremptory challenge to excuse Laversa Jones, an African American woman, from the jury. The *Batson* challenge raised by Fails was raised by Gold in her separate appeal. There, we rejected that challenge, based on the same record, in our unpublished opinion. *United States v. Gold,* 22 Fed.Appx. 721, 2001 WL 1248737 (9th Cir. Oct. 18, 2001) ("the government's explanation (substantial financial hardship) for exercising a peremptory challenge as to Jones was race-neutral and the district court did not clearly err in accepting it"). The law of the case doctrine "precludes a court from re-examining issues previously decided by the same court," and is applicable to codefendants convicted at the same trial when the appeal of one codefendant is decided prior to the appeal of another codefendant. *United States v. Schaff,* 948 F.2d 501, 506 (9th Cir.1991). We reject Fails's *Batson* challenge because the law of the case has established that the government's peremptory challenge of juror Jones was for a race-neutral reason.

## II

We next review the challenge to exclusion of testimony. A district court's evidentiary rulings during trial are generally reviewed for abuse of discretion. *See Old Chief v. United States,* 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997); *United States v. Parks,* 285 F.3d 1133, 1138 (9th Cir.2002). When no objection is made, however, we review for plain error. *United States v. Tisor,* 96 F.3d 370, 376 (9th Cir.1996).

■ Fails argues that the district court's ruling should be reviewed for abuse of discretion. But, Fails did not specifically raise an objection before the district court. She only objected to the initially proposed form of the instruction to strike the testimony, and her failure to object to the final instruction implied assent to the exclusion of the testimony. The district court's exclusion of the testimony, therefore, is reviewed for plain error.

District courts are given deference in fashioning remedies to avoid prejudice in trials with joint defendants. *Zafiro v. United States,* 506 U.S. 534, 541, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). District courts are also given deference in excluding testimony under Federal Rule of Evidence 403. *United States v. Plunk,* 153 F.3d 1011, 1019 n. 7 (9th Cir.1998).

■ Here, the excluded testimony arose after Gold testified that she had "never known [Fails] to be in any kind of trouble." The government asserted that Gold's statement opened the door for the government to bring out evidence of Gold and Fails's joint criminal history on cross-examination. The district court found that in a joint criminal trial Fails would be unfairly prejudiced by allowing cross-examination of Gold regarding her statement about Fails. At the same time, the district court recognized that disallowing the line of questioning on cross-examination would be unfair to the government because the statement of Fails's good character had been put before the jury. Under these circumstances, the district court's exclusion of part of Gold's testimony was not plain error, especially when the result likely benefitted Fails. Indeed, even if there had been a specific objection, we would not

view a district court's ruling as an abuse of discretion in light of the strong need for trial judges to avoid prejudice in trials involving joint defendants.

## III

Fails argues that the district court should have granted her motion for mistrial because of two instances of alleged prosecutorial misconduct in closing argument. We review the district court's denial of both of the motions for mistrial for abuse of discretion. *United States v. Murillo,* 288 F.3d 1126, 1140 (9th Cir.2002).

■ We reject Fails's argument that the district court should have granted her a mistrial based upon her own counsel's act of deceit during closing argument. The "propriety of the prosecutor's remarks must be judged in relation to what would constitute a fair response to the remarks of defense counsel." *United States v. Lopez–Alvarez,* 970 F.2d 583, 597–98 (9th Cir. 1992). *See also United States v. Sayetsitty,* 107 F.3d 1405, 1409 (9th Cir.1997) ("Criticism of defense theories and tactics are a proper subject of closing argument."). Here, the prosecutor's statement that defendant and defense counsel were trying to defraud the jury was an invited reply to the memory trick by Fail's counsel, wherein she used color-changing fingernail polish to argue inappropriately that "memories are funny" without revealing her use of the special polish to the jury.[1] *See Sayetsitty,* 107 F.3d at 1409 (statement that defense counsel's characterization of the government's investigation was untrue not improper because the statement was

an "invited reply" to defense counsel's closing argument). With some justification the prosecution in argument urged that the defendant and counsel were trying to defraud the jury. The court's instruction after objection was that the jury should disregard the reference to defense counsel. Now defendant argues that was unfair because the jury wasn't told to disregard the prosecution's comment in argument as to defendant. But to the extent that there was any impropriety, it was the impropriety of the defense counsel's deceptive trick rather than the prosecutor's response. We have declined to give relief in various contexts where a defendant's own misconduct has caused the alleged problem before the jurors and the court took reasonable protective steps to ensure the jurors could decide impartially. *Cf. McCormac v. United States,* 309 F.3d 623 (9th Cir.2002); *Williams v. Woodford,* 306 F.3d 665, 700 (9th Cir.2002); *United States v. Hernandez,* 952 F.2d 1110, 1116–18 (9th Cir.1991). The same principle applies here.

In addition, the court's instruction that the jury strike the remark as it pertained to defense counsel limited the impact of the remark. *United States v. McKoy,* 771 F.2d 1207, 1213 (9th Cir.1985) ("the trial court may be able to 'neutralize' the effect of improper prosecutorial remarks by admonishing the counsel to refrain from such remarks or by giving appropriate curative instructions to the jury").

We also reject Fails's argument that the district court should have granted her a

---

1. At the start of closing argument, Fails's counsel challenged the jurors to remember the color of her fingernail polish, which appeared purple and blue. About an hour later she quizzed the jurors on the color and one said "purple and blue." Thereupon, she showed her nails, which now were "baby blue" and "mint chocolate chip green," with-

out revealing that her nail polish was designed to change color with heat. Instead, after the juror had correctly remembered and described the color of the polish when first disclosed, counsel argued "[m]emories are funny," and then went on to urge that things are not always as they appear.

mistrial for allegedly impermissible vouching by the prosecutor. Vouching occurs when the prosecution places the prestige of the government behind a witness or when the prosecution indicates that witness testimony is supported by evidence not properly before the jury. *United States v. Leon–Reyes*, 177 F.3d 816, 821 (9th Cir.1999); *United States v. Roberts*, 618 F.2d 530, 533 (9th Cir.1980). If a prosecutor, for example, recites his or her resume during closing argument, the prosecutor is improperly vouching his or her own credibility for the credibility of the government's case. *Leon–Reyes*, 177 F.3d at 821–22.

The prosecutor in this case told a personal story about her ability to recognize people and identify them in a photo line-up after having seen them only briefly once before. Because the prosecutor told the story in the first person, we can understand the argument that she technically used her own ability to identify people to disparage Gold's inability to identify Sloan in the photo line-up. However, a more reasonable characterization of the prosecutor's argument, in our view, is that she was expressing an ability of people in general to recognize those they have seen.

■ In any event, and assuming some technical impropriety in the personal anecdote, impropriety of remarks during closing arguments warrants reversal only if it prejudices the defendant and that prejudice has not been remedied by the trial judge. *Lopez–Alvarez*, 970 F.2d at 597. If recounting the anecdote was improper, it did not have significant impact. Any prejudicial impact of the prosecutor's anecdote was so slight that neither defense counsel made contemporaneous objections. In fact, when the district court noted that the "benign" nature of the impropriety was evidenced by its failure to elicit contemporaneous objections, Gold's counsel agreed,

and Fails's counsel remained silent. If there was any prejudice, and we doubt that there was, the prejudice was cured by the court's instruction that counsel's arguments are not evidence. *See Lopez–Alvarez*, 970 F.2d at 598. *Compare McKoy*, 771 F.2d at 1213 (instruction that jury consider only the evidence in reaching the verdict did not cure prejudice where former prosecutor's remarks *were* evidence given that he was testifying as a witness when he noted the strength of the government's case). The prosecutor's anecdote in closing argument is not of sufficient weight to be a ground for reversal.

**IV**

We address finally the juror misconduct issue. A district court's denial of a motion for a new trial based on allegations of juror misconduct is reviewed for abuse of discretion. *See United States v. Mills*, 280 F.3d 915, 921 (9th Cir.2002). Further, the district court has considerable discretion in determining whether to hold an investigative hearing on allegations of jury misconduct. *United States v. Olano*, 62 F.3d 1180, 1192 (9th Cir.1995). *See also United States v. Romero–Avila*, 210 F.3d 1017, 1024 (9th Cir.2000) (district courts are not required to hold evidentiary hearings each time there is an allegation of jury misconduct).

■ We affirm the district court's denial of mistrial for juror misconduct for several reasons. First, the nature of the alleged misconduct is not serious: it involves three jurors discussing the case during a short break during jury deliberations. *See United States v. Klee*, 494 F.2d 394, 395–96 (9th Cir.1974) (district court did not err in denying a mistrial, even though eleven jurors prematurely

discussed the case during recesses, and nine of the jurors expressed premature opinions about the defendant's guilt).[2] Second, the alleged misconduct did not involve the improper influence of extrinsic information. *Compare Jeffries v. Wood*, 114 F.3d 1484, 1490 (9th Cir.1997) (juror's communication of the defendant's past criminal record was presumptively prejudicial when such communication was based on extrinsic facts). Third, the district court risked invading the privacy of jury deliberations in violation of Federal Rule of Evidence 606(b) when no nonjuror participated in the discussion, there was no indication that the jurors were otherwise improperly discussing extraneous evidence, and the discussion took place during a short break from ongoing deliberations. *Cf. United States v. Symington*, 195 F.3d 1080 (9th Cir.1999) (reversing a conviction because the trial court inquired into the jurors' motivations).

**AFFIRMED.**

---

2. Appellant's reliance on *Anderson v. Calderon*, 232 F.3d 1053, 1098 (9th Cir.2000) and the cases cited therein for the proposition that jurors must formally deliberate as a collective body are distinguishable and not persuasive because they involve cases where jurors engaged in premature deliberations, whereas here the alleged misconduct took place after the close of the case and following the jury

instructions. Misconduct is more serious when jurors engage in premature deliberations. And even then a new trial is not per se warranted. *See Klee*, 494 F.2d at 395–96.