LaROSE, Judge.
The State appeals the trial court’s order granting Paul Newman a new trial due to juror misconduct. It argues that the trial court abused its discretion and that the juror’s misconduct, reading aloud portions of the Constitution during deliberations, was harmless. We have jurisdiction. See Fla. R. App. P. 9.140(c)(1)(C), (c)(3). We reverse.
A trial court has broad discretion in deciding whether to grant a new trial. Chatmon v. State, 738 So.2d 970, 971 (Fla. 2d DCA 1999). We will not overturn a trial court’s order granting a new trial absent a clear abuse of that discretion. We require a stronger showing to overturn an order granting a new trial than to reverse an order denying a new trial. State v. Hart, 632 So.2d 134, 134-35 (Fla. 4th DCA 1994), abrogated on other grounds as recognized in Santiago v. State, 874 So.2d 617 (Fla. 5th DCA 2004). “The question is not whether we would order a new trial, but rather whether ‘no reasonable [person] would take the view adopted by the trial court’ in light of the applicable law.” Devoney v. State, 717 So.2d 501, 505 (Fla.1998) (Shaw, J., dissenting) (alteration in original) (quoting Huff v. State, 569 So.2d 1247, 1249 (Fla.1990)).
Florida Rule of Criminal Procedure 3.600(b) lists grounds for the granting of a new trial if prejudice is shown. Juror misconduct is one such ground. See Fla. R. Crim. P. 3.600(b)(4).[1]
When unauthorized materials are brought into the jury room, the State must prove that there is no reasonable possibility of prejudice to the defendant; that is, the State must demonstrate that the error was harmless and that there is no reasonable possibility that the unauthorized material affected the verdict. See Williamson v. State, 894 So.2d 996, 999 (Fla. 5th DCA 2005). “Prejudicial error” has been defined in the appeal context as “an error in the trial court that harmfully affected the judgment or sentence.” § 924.051(l)(a), Fla. Stat. (2010).
Although there is a rebuttable presumption that prejudice exists, see State v. Hamilton, 574 So.2d 124, 130 (Fla.1991), the mere presence of unauthorized material in the jury room is not per se reversible error, id. at 126-28 (compiling cases); Tapones v. State, 43 So.3d 159, 162 (Fla. 4th DCA 2010).
In this case, the juror in question contacted the presiding trial judge’s office approximately four months after the jury convicted Mr. Newman. The juror expressed concern that the jury had not followed the law. The trial court’s judicial assistant advised defense counsel and the State of this contact. Thereafter, both *1182 counsel interviewed the juror informally. Mr. Newman then filed an amended motion for new trial alleging that “the jury failed to follow the law ... and entertained law during the course of deliberation [sic] that was provided by one of the jurors and not by the court.”
Subsequently, the trial court granted Mr. Newman’s motion to interview the juror formally. The trial court conducted a limited evidentiary hearing on the juror misconduct issue after prohibiting the parties from questioning the juror on anything that inhered in the verdict itself. See Marshall v. State, 854 So.2d 1235,1240 (Fla.2003); Devoney, 717 So.2d at 502; Hamilton, 574 So.2d at 128; see also § 90.607(2)(b), Fla. Stat. (2009).
We know from our record, however, that the juror believed that the State had failed to prove some of the charges against Mr. Newman and that some of the jurors were undecided in their verdicts. In this context, the juror pulled out a pocket-sized copy of the Constitution and read portions of it to the jury.
At the evidentiary hearing, the juror testified that he read to the jurors that portion of the Fifth Amendment that states, “No person ... shall be compelled in any criminal case to be a witness against himself.” He also read the Sixth Amendment to the jurors, apparently wishing to emphasize the right to an impartial jury:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defen[s]e.
Unpersuaded, the jurors convicted Mr. Newman.
The trial court’s new trial order explained that the jury was advised repeatedly that a defendant has an absolute, fundamental right to remain silent and that jurors should never be concerned that the defendant did or did not testify. The jury also was made aware that the purpose of questioning them during voir dire was to obtain a fair and impartial jury.
In its order granting a new trial, the trial court relied in part on what we will term “dictionary” cases where outside sources were used to define terms or words that strayed from the law as given by the trial court. See, e.g., Tapanes, 43 So.3d at 159; Grissinger v. Griffin, 186 So.2d 58, 59 (Fla. 4th DCA 1966). The trial court found that under the facts and circumstances of Mr. Newman’s case, it was “left with no choice but to grant the [defendant's amended motion for new trial based on [the] juror[’s] misconduct.”
Our record suggests that the trial court was concerned with whether the prejudice was inherent or actual. Mr. Newman’s counsel argued that the prejudice was inherent because outside material was introduced to the jury. We disagree. Although we do not condone the juror’s conduct, the portions of the Constitution that he read to the jury did not contradict the jury instructions given by the trial court. Moreover, Mr. Newman suffered no prejudice; the juror read the Constitution in what turned out to be an unsuccessful effort to help Mr. Newman.
Accordingly, we reverse the order under appeal. See Hamilton, 574 So.2d at 131 (finding unadmitted exhibit that was sent to the jury room merely duplicated testimony already admitted; commending the *1183 trial court for seeing that jurors were not questioned regarding their mental processes and thoughts; finding, however, that the trial court should have found the error harmless beyond a reasonable doubt; and holding that the granting of a new trial was an abuse of discretion).
Reversed and remanded for further proceedings.
DAVIS and MORRIS, JJ„ Concur.

. Rule 3.600(a) mandates a new trial in certain circumstances not present here.