DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LENIST KEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1928

[November 25, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mindy F. Solomon, Judge; L.T. Case No. 11-2654CF10A.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant alleges that the trial court erred in denying his motion for mistrial due to jury misconduct. Appellant also states that reversal is mandated because a testifying police officer gave an improper opinion. We find that the alleged jury misconduct does not require reversal. We affirm on this issue and write further to elaborate. We also find that the alleged improper opinion does not require reversal and we affirm without further comment.

Appellant was charged and convicted of armed sexual battery and armed kidnapping. The victim testified to an incident that occurred in 1995, while she was waiting for a bus on her way to work. The assailant took her at gunpoint to his vehicle and drove her to a wooded area where he struck her with his gun and raped her. The victim then hit the assailant with the car door and fled without her clothes. The victim testified to not knowing the assailant.

During the trial, there was evidence that a DNA test on the sperm recovered from the victim matched appellant's DNA. During closing

argument, the defense argued that the sex between appellant and victim was consensual and further argued that the victim was not credible.

Before deliberations, the court instructed the jury:

> During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case.

> Until you have reached a verdict you must not talk about this case in person or through the telephone, writing, or electronic communication such as a blog, Twitter, email, text messaging, or any other means at all. Do not contact anyone to assist you during your deliberations. These communication rules apply until I discharge you at the end of the case.

After the jury began its deliberations and before the jury left for the day, the court instructed the jury as follows:

> In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about the case, the people and places involved, or your jury service.

> You must not disclose your thoughts about this case or ask advice on how to decide this case. I want to stress that this rule means that you must not use electronic devices or computers to communicate about this case including Tweeting, texting, blogging, emailing, posting information on a website or chat room or any other means at all.

> Do not send or accept any messages to or from anyone about this case or your jury service. You must not do any research, look up any words, names, maps, or anything else that may have anything to do with this case. This includes reading the newspapers, watching TV, using a computer, a cell phone, the Internet, any electronic device or any other means at all to get information related to this case or the people or places involved in this case. This applies whether you're at the courthouse, at home, or anywhere else. All of us are depending upon you to follow these rules so there will be

2

a fair and lawful resolution to this case. That would be contrary to our judicial system, which assures every party the right to ask questions about and rebut the evidence being considered against it. Non-court inquiries and investigations unfairly and improperly prevent the parties from having that opportunity our judicial system promises. If you become aware of any violations of these instructions or any other instruction I give in this case, you must tell me by giving a note to the deputy. So, folks, here's the bottom line: There is nothing for you to talk about with anybody tonight. Go home, watch the Heat game, have dinner, but don't talk about the case. Okay? You can't use your computers to look at anything. You can't research anything. Your verdict can only be based on the law and the evidence that's been presented. Okay? So, having said that, I'm going to release you for tonight.

When the court reconvened the next day and before the jury resumed its deliberations, the state informed the trial court that an employee of the State Attorney's Office heard a conversation the previous day between two jurors, one female and one male. The employee heard one juror say something to the effect that "[w]ell, we know there was sex occurred [sic], because there was DNA – because of the DNA." Then the employee heard a juror say something to the effect of "[w]ell, it's been so long so he'll probably – the judge will probably just give him probation." The employee could not say which juror said each statement or whether the same juror made both statements.

The trial court brought in the jurors individually for questioning, including the only female juror on the panel. All the jurors said they had no conversations about the case after deliberations had ended the previous day, except for one male juror and the female juror. The male juror said he talked with the female juror about what time they were going to return the next day. He denied having any conversation about the case itself. The female juror eventually admitted to having a conversation with the male juror because she "thought it was okay to talk to the juror, one of our jurors." According to the female juror, she and the other juror agreed that sex occurred, but they were not sure whether it was consensual or not. She could not remember who brought up the subject, but she was sure no one else was around. She denied discussing probation as a potential sentence, mentioning that the incident took place in 1995, or mentioning DNA.

Appellant moved for a mistrial based on the employee's testimony that two jurors had a conversation after the trial court had instructed the jurors

3

not to discuss the case outside the presence of other jurors. The trial court denied the motion for mistrial and stated the following:

> Based on the testimony of the two jurors that in fact were seen by the elevator having a conversation about the case, the Court is going to make the following findings that there is nothing in the record to suggest that there has been an exchange of ideas that there had been any deliberations outside of the jury room.

> The Defense through the whole trial has, including their closing argument, has relied on the issue that this was a consensual act. It did not appear from the testimony of the two jurors that they had any discussion other than there was any discussion at all [sic].

> The Court finds that it does not rise to the level of prejudice, the motion for mistrial would be denied.

The jury found appellant guilty, and this appeal follows.

"A trial court's ruling on a motion for mistrial is subject to an abuse of discretion standard of review." *England v. State*, 940 So. 2d 389, 402 (Fla. 2006). "A motion for a mistrial should only be granted when an error is so prejudicial as to vitiate the entire trial." *Id.* at 401-02.

Although "it is axiomatic that jurors should not discuss a case among themselves prior to deliberations," this case involved an allegation that a juror or two jurors discussed a case after deliberations had begun. *Johnson v. State*, 696 So. 2d 317, 323 (Fla. 1997). In another case involving premature deliberations, the Florida Supreme Court determined that an allegation that one juror attempted to prematurely discuss the case did not warrant jury interviews because there was no evidence of any "agreement among the other jurors to disregard their oaths and ignore the law, nor does it imply that the jury was influenced by external sources or improper material." *Reaves v. State*, 826 So. 2d 932, 943 (Fla. 2002). However, where there is an allegation that multiple jurors prematurely discussed the pending case together and their opinions as to a potential verdict, there would be sufficient evidence to require questioning of the entire jury panel. *Sheppard v. State*, 151 So. 3d 1154, 1172 (Fla. 2014).

In the present case, the employee's allegations appear to have been insufficient to require jury interviews in the first place because there was no direct allegation that more than one juror discussed the case. *Id.* The

4

employee could not say if more than one juror was talking.  Thus, if only one juror discussed the case, then there could not be an "agreement among the other jurors to disregard their oaths and ignore the law."

But even if the jury conduct warranted juror interviews, the actions of the jurors in this case do not warrant a mistrial because no prejudice was established.  As Judge Learned Hand commented many years ago regarding the nature of jurors and juries, "Juries are not leaves swayed by every breath." *United States v. Garsson*, 291 F. 646, 649 (S.D.N.Y. 1923).  Thus, we must not assume mere discussion by a juror or jurors necessarily means prejudice to appellant.

Although the *Johnson* case involved discussions prior to deliberations, it is nevertheless instructive to this case's analysis.  In *Johnson*, one juror was confused about nicknames referenced during the trial and the other jurors clarified the confusion.  696 So. 2d at 321, 323.  In addition, one juror in *Johnson* spoke with another juror about the "traumatic" nature of the wounds suffered by the victim.  *Id.* at 324.

The Florida Supreme Court in *Johnson* noted that the juror comments were simply a reaction to testimony and significantly no extrinsic information was imparted to the jury.  The court found that no prejudice occurred because the limited conversation did not indicate that either juror had formed a premature opinion of the case.  Similarly, in the present case, the statements overheard by the state employee were also simply a reaction to the trial testimony, and there was no indication that any extrinsic information was imparted.  The allegations were that a juror or two jurors agreed that appellant and the victim had sex.  Significantly, appellant conceded that he and the victim had sex, so it was not an issue contested at trial.

Further, what is clear is that no extrinsic information or evidence was discussed by the jurors in this case.  *See Russ v. State*, 95 So. 2d 594, 601 (Fla. 1957) (en banc) (stating that in considering whether extrinsic evidence warrants a mistrial, "[i]t is necessary either to show that prejudice resulted or that the statements were of such character as to raise a presumption of prejudice"); *Tapanes v. State*, 43 So. 3d 159 (Fla. 4th DCA 2010) (finding reversible misconduct where a juror looked up a word related to the case); *Pozo v. State*, 963 So. 2d 831, 834 (Fla. 4th DCA 2007) (finding investigation warranted as to external influences on the jury where the jurors allegedly discussed fear of harassment by the sheriff's office if they did not convict, and sheriff's office members were present in the gallery during trial); *Del'Ostia v. Strasser*, 798 So. 2d 785 (Fla. 4th DCA 2001) (finding misconduct where a juror and a witness engaged in

5

conversation); S*tate v. Devoney*, 675 So. 2d 155, 160 (Fla. 5th DCA 1996) ("Consideration of extrinsic evidence is jury misconduct and is sufficient to violate the constitutional right to trial by an impartial jury."); *Brooks v. Herndon Ambulance Serv.*, 510 So. 2d 1220, 1221 (Fla. 5th DCA 1987) (During a jury interview, a court must determine whether "the juror was imparting information from outside the trial and evidence, [in which case] a new trial may be warranted.").

In *State v. Brown*, 62 A.3d 1099 (R.I. 2013), the Rhode Island Supreme Court confronted a similar issue, albeit after the jury had returned its verdict. In *Brown*, affidavits alleged that two jurors discussed the case separately from the other jurors after deliberations had begun but before a verdict had been rendered. The Rhode Island Supreme Court determined that since the affidavits did not indicate that the jurors had considered extrinsic evidence, then any further inquiry by the trial court would have invaded the jury deliberation process.[1]

In the present case, there was no evidence or allegations that the jurors considered any extrinsic information or evidence. We share the reluctance and concern of the court in *Brown* about invading the province of the jury deliberation process. The inviolate nature of jury deliberations, absent jury misconduct such as extrinsic influence or evidence, must be protected. Thomas Jefferson recognized the centrality of an independent jury system, free from most types of intrusions, when he wrote that "I consider that [trial by jury] as the only anchor, ever yet imagined by man, by which a government can be held to the principles of it's [sic] constitution." Letter from Thomas Jefferson to Thomas Paine (July 11, 1789), in 15 The Papers of Thomas Jefferson 266, 269 (Julian P. Boyd ed., 1958).

Other courts have similarly dealt with this issue regarding limitations on jury interviews absent extrinsic influences. *See United States v. Lespier*, 87 Fed. R. Evid. Serv. 1383 (W.D.N.C. 2012) ("An allegation of deliberation by part of the jury outside the jury room constitutes a claim of internal juror misconduct" and "is not the sort of conduct that this Court can or should directly inquire into by interrogating jurors . . . .") (quoting *United States v. Siegelman*, 640 F.3d 1159, 1187 (11th Cir. 2011)); *United States v. Fails*, 51 Fed. App'x. 211, 216 (9th Cir. 2002) (affirming denial of mistrial where three jurors discussed the case during a break from deliberations because "no nonjuror participated in the discussion, there was no indication that the jurors were otherwise improperly discussing

---

[1] Similarly, section 90.607(2)(b), Florida Statutes, does not permit inquiry into any matter which inheres in the verdict.

extraneous evidence, and the discussion took place during a short break from ongoing deliberations"); *United States v. Prosperi,* 201 F.3d 1335, 1340 (11th Cir. 2000) (finding trial court properly declined to investigate allegations of internal influence occurring during deliberations where two jurors were observed in a "heated discussion" away from the other jurors); *United States v. Yoakam,* 168 F.R.D. 41 (D. Kan. 1996) (refusing to inquire into a conversation between two jurors concerning their deliberations in the case).

In summary, we find the trial court did not err in denying appellant's motion for mistrial inasmuch as there was no evidence of extrinsic information discussed by the jury and as such no prejudice to appellant. Thus, we affirm.

*Affirmed.*

WARNER and KLINGENSMITH, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***

7