DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY GREEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0774

[November 13, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562019CF000743A.

Carey Haughwout, Public Defender, and Sue-Ellen Kenny, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Anthony Green was convicted of possession of a firearm or ammunition by a convicted felon. He argues the circuit court abused its discretion when it denied his motion for a mistrial based on juror misconduct. We agree, reverse his conviction and sentence, and remand for a new trial.

*Background*

At the beginning of trial, the judge instructed the jury:

> You must not conduct any investigation of any kind on your own. You may not consult any data, conduct any research, look at any internet resources or consider or look at any matter other than what is presented in this courtroom during the trial. . . .

During deliberations, the judge received a note from a juror stating, "I'm sorry to inform you I did look up the Defendant last night on the internet."

When questioned, the juror told the judge, "I really just—I didn't read anything, I just seen that he was a felon and then that was it." She "Googled the name" and "when it came up[,] it said felon. And then I thought, well, that's all I need to know and then I got off the internet on that particular site." She denied doing any other research but admitted telling other jurors that she "looked [Green] up on the internet."

Green moved for a mistrial based on the juror's conduct. The State responded, "I just don't know that I have a position to otherwise argue to the Court on this other than what we've heard from the jurors." The State continued, "I don't know that there's prejudice, but we—I don't have any authority that says otherwise." The judge denied Green's motion.

*Analysis*

"Prejudice as a result of juror misconduct is a ground for granting a new trial." *State v. Needelman*, 276 So. 3d 444, 447 (Fla. 5th DCA 2019). When juror misconduct is established, "the moving party is entitled to a new trial *unless* the opposing party can demonstrate that there is no reasonable possibility that the juror misconduct affected the verdict." *Tapanes v. State*, 43 So. 3d 159, 162 (Fla. 4th DCA 2010) (quoting *Norman v. Gloria Farms, Inc.,* 668 So. 2d 1016, 1020 (Fla. 4th DCA 1996)). In other words, the State must show the error was harmless. *Needelman*, 276 So. 3d at 447 (quoting *Williamson v. State*, 894 So. 2d 996, 998 (Fla. 5th DCA 2005)).

Here, the parties agree that the juror engaged in misconduct when she violated the judge's instructions and researched the defendant. Therefore, the issue on appeal is whether the misconduct resulted in prejudice to the defendant, warranting a new trial.

In *Tapanes*, "a juror used a smartphone during a break in jury deliberations to look up the definition of 'prudent,' a term used in the jury instructions and during closing arguments." *Tapanes*, 43 So. 3d at 160. The juror shared this definition with other jurors during deliberations. *Id.* at 162. We found the juror's review of external material on an issue relevant to jury deliberations and his discussion with jurors prejudiced the defendant. *Id.* at 163. In contrast, in *Key v. State*, 179 So. 3d 513 (Fla. 4th DCA 2015), two jurors were overheard discussing the case outside of the remaining jurors' presence. There, we determined that prejudice was not established because the jurors had not discussed extrinsic evidence, nor had they appeared to arrive at a predetermined decision. *Id.* at 516-17.

2

We conclude that this case is similar to *Tapanes*, where a juror conducted external research on a potentially relevant issue. While deliberating on a case in which Green was charged with possessing a firearm while a convicted felon, the juror's research revealed internet search results listing Green's convictions. While we recognize the State's opening statement referenced the fact that Green was a convicted felon, the juror's testimony showed that her independent research was more detailed and revealed multiple prior felony convictions. As in *Tapanes*, "we cannot say that the [juror's misconduct] did not affect the jury verdict, and as such we are compelled to reverse and remand." *Tapanes*, 43 So. 3d at 163.

*Conclusion*

Green's conviction and sentence are reversed, and the case is remanded for a new trial.

*Reversed and remanded.*

GERBER and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3